IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES *ex rel.* MIKE KANE, <br><br> *Plaintiff/Relator*, <br><br> v. <br><br> BEEGHLY TREE, LLC, HILLVALE ENTERPRISES, LLC, PROGRO ENVIRONMENTAL, LLC, HILLVALE FARMS, RYAN BEEGHLY, MATT BEEGHLY, and HEATH YOUNKIN, <br><br> *Defendants*. | Civil Action No. 3:21-cv-160 |

## MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

Plaintiff/Relator Mike Kane hereby moves the Court for an award of attorneys' fees and expenses. Pursuant to the fee-shifting provision of the False Claims Act (the "FCA"), if a defendant pays money to the Government pursuant to a settlement of a qui tam action, and the qui tam relator receives a relator's share from the Government, then the relator "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). Here, Defendants Beeghly Tree, LLC, Hillvale Enterprises, LLC, ProGro Environmental, LLC, Hillvale Farms Ryan Beeghly, Matt Beeghly and Heath Younkin (collectively, "Beeghly Tree") paid $200,000 to the Government pursuant to a settlement reached and approved by the Department of Justice. The Department of Justice subsequently agreed to pay Kane a relator's share of 16%. Accordingly, Kane's right to an award of attorneys' fees and expenses has been triggered.

As with most fee-shifting provisions, determination of a "reasonable" attorneys' fee under the FCA is based upon a "lodestar" analysis, which requires the Court to determine how many hours worked by each attorney or paralegal were reasonable, and then multiply those hours

by a reasonable hourly rate for each attorney or paralegal. In this complex, hard-fought litigation, Kane requests that the Court award the following amounts for work done and expenses incurred up to the time of the settlement between Kane and Beeghly Tree:

For work done by The Employment Law Group, PC (268.4 hours) and The Stone Law Firm (14.9 hours), a fee of $116,487.50, plus expenses of $1,866.75. In addition, "[a] party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood of Central NJ v. NJ*, 297 F.3d 253, 268 (3d Cir. 2002). Moreover, the number of hours may increase depending on whether additional work is required from this point forward; accordingly, a final accounting for the "fees-on-fees" portion of the award should await the Court's ruling on Kane's request for fees and expenses incurred prior to the merits settlement. In addition, the Court should award post-judgment interest pursuant to 28 U.S.C. § 1961.

This motion is supported by a memorandum of points and authorities submitted herewith, and by the supporting declarations submitted by Nicholas Woodfield, Andrew Stone, and Frederick M. Morgan, Jr., and the exhibits to the memorandum.

A proposed order is also submitted herewith.

October 3, 2024                                    Respectfully Submitted,


                                                   /s/ Andrew M. Stone
                                                   Andrew M. Stone (Bar No.: PA 35176)
                                                   Stone Law Firm, LLC
                                                   437 Grant Street, Suite1806
                                                   Pittsburgh, Pa. 15219
                                                   Tele:  412-391-2005
                                                   Fax:   412-391-0853
                                                   astone@stone-law-firm.com

>R. Scott Oswald, Esq., *pro hac vice*
>Janel Quinn, Esq., *pro hac vice*
>The Employment Law Group, P.C.
>1717 K St, NW, Suite 1110
>Washington, D.C. 20006
>(202) 261-2813
>(202) 261-2835 (facsimile)
>soswald@employmentlawgroup.com
>jquinn@employmentlawgroup.com
>
>Attorneys for *Qui Tam* Relator

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, a true and correct copy of the forgoing was served via EM/ECF upon all counsel of record.


>/s/ Andrew M. Stone
>Andrew M. Stone