IN THE UNITED STATES DISTRICTCOURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Johnstown Division

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MIKE KANE, | CIVIL DIVISION |
| | No. 21-cv-160 |
| Plaintiff/Relator, | |
| | Hon. Kim R. Gibson |
| v. | |
| BEEGHLY TREE, LLC, HILLVALE ENTERPRISES, LLC, PROGRO ENVIRONMENTAL, LLC, HILLVALE FARMS, RYAN BEEGHLY, MATT BEEGHLY, and HEATH YOUNKIN, | |
| Defendants. | |

**DEFENDANTS' SUR-REPLY MEMORANDUM IN OPPOSITION TO RELATOR'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

AND NOW COME Defendants, by and through their undersigned counsel, and in support of the within Sur-Reply Memorandum in Opposition to Plaintiff/Relator's Motion for an Award of Attorney Fees and Expenses states as follows:

**ARGUMENT**

**I. Defendants Provided Ample Evidence to Support the Court's Lodestar Analysis of Reasonable Rates Charged and Reasonable Hours Worked[1]**

Relator contends in his Reply Brief that it is not sufficient to broadly declare that a block of entries are excessive, unacceptable, or duplicative. [ECF 44 at 1]. Consequently, Relator would have this Court conduct an unnecessarily burdensome item-by-item accounting of Relator's counsel's time entries. A cursory review of the billing breakdown provided by Stone

---

[1] Relator incorrectly characterizes the declaration of Gary Hunt, Esq. [ECF 42, Ex. D] as an "alternative fee calculation" when, in reality, it was offered in line with Pennsylvania case law permitting parties to provide evidence of relevant community market rates to help inform the court's analysis of reasonable attorney fees. See U.S. ex rel. Miller v. Kline, No. 10-CV-3007, 2019 WL 13202221 at *2-3 (E.D. Pa. July 12, 2019).

and the Employment Law Group [ECF Nos. 36-1 and 36-2] revealing duplicative, wasteful, and otherwise improper billing entries, as well as the inadequate documentation of those entries, however demonstrates this is not necessary. See Miller v. Holzmann, 575 F.Supp.2d 2, 44 (D.D.C. 2008) (ordering an across-the-board reduction based on inefficiencies that unreasonably inflated counsel's billing statement).

In support of this position, Relator cites to Miller v. Holzmann, a case where plaintiff's counsel assigned 52 attorneys and 30 paralegals to work on the matter throughout its lifespan. See [ECF 44 at 1-2]. While Relator is correct the court would not "speculatively second-guess" plaintiff's counsel's staffing decisions, Relator fails to state that the court only did so as a result of defendant's failure to identify specific areas in which they believed counsel's efforts, or those of an individual partner, were truly duplicative of others. See Miller, F.Supp.2d at 42. Relator also fails to acknowledge that Miller actually stands opposite to the argument that a broad reduction is improper. Considering the totality of the inefficiencies caused by having too many lawyers assigned to discrete tasks, the court still ordered an across-the-board reduction of five percent. Id. at 44. Other courts have done the same with even higher percentage-based reductions. See Role Models America, Inc. v. Brownlee, 353 F.3d 962, 973 (D.D.C. 2004) (reducing compensation by 50 percent due to "inadequate documentation, failure to justify the number of hours sought, inconsistencies, and improper billing entries"); Okla. Aerotronics, Inc. v. United States, 943 F.2d 1344, 1347 (D.D.C. 1991) (upholding district court's reduction of chargeable hours by 40 percent due to excessive time spent on specific tasks); Kane v. Martin Paint Stores, Inc., 439 F.Supp. 1054, 1057-58 (S.D. N.Y. 1977) (reducing compensation by 20 percent due to duplicative nature of claims and corresponding tasks).

Here, Defendants' Response makes clear that a line-by-line examination of Relator's counsel's entries is not necessary and an across-the-board reduction would be proper. In fact, the excessive, unreasonable, and duplicative nature of the fees charged reveal it is warranted. See Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976) ("once the court determines the reasonable hourly rates to be applied, it need not conduct a minute evaluation of each phase or category of counsel's work.").

## II.  Following a Lodestar Analysis, the Court May Further Reduce the Lodestar Figure

Relator also attempts to assert that a global settlement may not be decreased based on success while ignoring not only the fact that the settlement demand here was reduced three times by the government—from what started as a multi-million dollar demand to, ultimately, a $200,000 payment—but also that this number reflected what Defendants have understood to be the government's lowest possible offer to compensate solely for the substantial amount of time it spent evaluating Relator's claims.

In making its scattershot argument, Relator harps on a footnote in a Massachusetts District Court case in which that court contemplated the public policy arguments underlying reasonable fee petition awards, rather than applying the methodical lodestar analysis undertaken by that court, which ultimately cut the relator's award nearly in half because her attorneys claimed unreasonably high rates, billed for travel time, and billed for professional development. United States ex re. Averback v. Pastor Med. Assoc. P.C., 224 F. Supp. 2d 342, 351, 357, n.7 (D. Mass. 2002) (determining the lodestar figure to be $59,850 and costs to be $1,909.90, for a total $61,759.90 in fees, compared to the minimum $11,756.30 proposed by relator). However, like courts in the Third Circuit, the Averback court recognized that further adjustment to the lodestar figure after it is calculated, including adjusting for degree of success, "is discretionary according

3

to the Supreme Court" and may be undertaken if the court determines that "circumstances warrant an adjustment of the lodestar figure based on such factors." Id. at 351; see also United States ex rel. Palmer v. C&D Technologies, Inc., 897 F.3d 128, 135 (3d. Cir. 2018).

Here, Defendants do not argue that this Court should forego a lodestar analysis; in fact, Defendants have already presented detailed evidence to this Court to inform exactly that sort of methodical review of Relator's fees, including the reasonableness of the hours billed and rates charged. See [ECF 42 at 9-13]. Rather, Defendants argue this Court should consider exercising the discretion at its disposal—as recognized by courts in the Third Circuit as well as the Averback court discussed here—to further reduce the lodestar figure. The $200,000 payment at issue here reflects a fraction of Relators initial multi-million dollar demand. It reflects the work of the United States Attorney and Defendants—with no expense to Relator—to reveal that the allegations made by Relator had no viable path forward on the merits because they were false and misguided.

Further, while there is no strict rule that attorney fees be proportionate to damages recovered, Relator fails to acknowledge that the Third Circuit recognizes proportionality as a reasonable factor to be considered when adjusting the lodestar. United States ex rel. Palmer v. C&D Technologies, Inc., 897 F.3d 128, 135 (3d. Cir. 2018). In C&D Technologies, Inc., the parties in a qui tam action under the False Claims Act settled on the merits of the case but were not able to agree on the relator's attorneys' fees, with the defendant arguing that the relator should receive only half of the requested $2.3 million in fees because "the case had been over-staffed and over-worked by the Relator's various sets of lawyers, and that the fee petition was based on the wrong hourly rates and included duplicative entries, inappropriate submissions such as for travel time, and finally, that there should be a reduction of the amount awarded for degree

4

of success . . . given the modest settlement amount." Id. at 132. The Third Circuit affirmed the District Court's decision to reduce the lodestar calculation by an additional 10% to reflect the "very modest results" achieved by the relator and his counsel: a $1.7 million settlement payment, which was about 6% of the relator's demand. Id. at 135.

This proposition is bolstered by the sole Pennsylvania district court case cited in Relator's reply brief. See United States ex rel. Bahnsen v. Bos. Sci. Neuromodulation Corp., No. CV 11-1210, 2021 WL 118927 at * 2 (D.N.J. Jan. 11, 2021). Relator cites to that case to show that fee awards may exceed the settlement amount, but apparently overlooks the fact that in awarding this amount, the court cited to Third Circuit case law stating that "the amount involved and the results obtained" is a factor that district courts may use to adjust the lodestar. Id. at * 2 (citing Pub. Interest Research Grp. v. Windall, 51 F.3d 1179, 1185 n.8 (3d Cir. 1995)).

## CONCLUSION

Accordingly, it is within the court's discretion to consider Relator's minimal success here and reduce Relator's fees to no more than the $32,000 award granted to Relator, if not even lower.

Respectively submitted,

SPILMAN THOMAS & BATTLE, PLLC

By: /s/ Julian E. Neiser
    Julian E. Neiser
    Pa. Id. No. 87306

    One Oxford Centre, Suite 3440
    301 Grant Street
    Pittsburgh, PA  15219
    T:  (412) 325-1116
    F:  (412) 325-3324
    E:  jneiser@spilmanlaw.com

**Attorneys for Defendants**

IN THE UNITED STATES DISTRICTCOURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Johnstown Division

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MIKE KANE,<br><br>                Plaintiff/Relator,<br><br>      v.<br><br>BEEGHLY TREE, LLC, HILLVALE ENTERPRISES, LLC, PROGRO ENVIRONMENTAL, LLC, HILLVALE FARMS, RYAN BEEGHLY, MATT BEEGHLY, and HEATH YOUNKIN,<br><br>                Defendants. | CIVIL DIVISION<br><br>No. 21-cv-160<br><br>Hon. Kim R. Gibson |

**CERTIFICATE OF SERVICE**

I hereby certify that **Defendant's Sur-Reply Memorandum in Opposition to Plaintiff/Relator's Motion for an Award of Attorney Fees and Expenses** was served upon counsel of record this 23rd day of December, 2024 to the following:

Via email to astone@stone-law-firm.com

Andrew M. Stone, Esquire
Stone Law Firm, LLC
437 Grant Street, Suite 1806
Pittsburgh, PA 15219

**Counsel for Relator Mike Kane**

Via email to soswald@employmentlawgroup.com and jquinn@employmentlawgroup.com

R. Scott Oswald, Esquire
Janel Quinn, Esquire, *pro hac vice*
The Employment Law Group, P.C.
1717K St., NW, Suite 1110
Washington, DC 20006

**Counsel for Relator Mike Kane**

SPILMAN THOMAS & BATTLE, PLLC

By:/s/ Julian E. Neiser